**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**UNITED STATES OF AMERICA,**

**v.**                                          **Criminal Action No. 1:20-CR-27**
                                               **(KLEEH)**

**RETA MAYS,**

                    Defendant.

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN**
**LIMINE AT SENTENCING RE:    VICTIM IMPACT STATEMENT**

Now comes the United States of America and Randolph J. Bernard, Acting United States

Attorney for the Northern District of West Virginia, by Jarod J. Douglas, Assistant United States

Attorney for said District, and hereby responds in opposition to the defendant's Motion in Limine

at Sentencing Re: Victim Impact Statement [Doc. 92].

1.      On July 14, 2020, this Court ordered that a status conference be held on October

30, 2020 to determine a date for sentencing.

2.      In September 2020, the government videorecorded the victim impact statement of

a surviving son of one of the victims as a precaution because the individual was in very poor health

and there was a concern that he may not live, or at least not be in a condition, to attend the yet-

unscheduled sentencing hearing.   Due to his deteriorating health, the surviving son is not able to

attend the sentencing hearing on May 11, 2021 to make a live, in-person statement.   As a result,

the surviving son has asked the government to play his videorecorded statement at the sentencing

hearing.

3.      On May 7, 2021, around mid-morning, the government disclosed a copy of the

subject video to defense counsel.   The same day, just before 2:00 p.m., defense counsel informed

the government that it objected to playing in during the sentencing hearing the last part of the video

1

that included an expletive directed at the defendant.   Around 3:00 p.m., the government informed the Court's staff of the issue and provided a copy of the video to the Court's staff.

4.      On May 7, 2021, at 3:30 p.m., the Court held a status conference it had already scheduled prior to learning of the video issue.   During this conference, the defense noted its objection to the last statement in the video, arguing that it could become a "rallying cry."   The Court reserved ruling and directed that any briefing on the issue be filed on May 10, 2021 by noon.

5.      On May 10, 2021, the defendant filed the instant motion, asking the Court to "bar the government from publishing" at the sentencing hearing the challenged portion of the subject video.   ([Doc. 92] at 1).   In support of her request, the defendant argues that the Crime Victims' Rights Act provides for only a reasonable right to be heard at sentencing and that the "derogatory language" is not reasonable.   Id.

6.      For multiple reasons, the government opposes the defendant's motion and asks the Court to deny it.

7.      First, the Court should notice a complete lack of case law cited in the motion. Undoubtedly, this is because the case law on the proprietary of certain language in victim impact statements arises in *death penalty cases* where a *jury* determines the sentence, not a life-appointed Article III judge.   See e.g., Smith v. Bradshaw, 2007 WL 2840379 (N.D. Ohio Sept. 27, 2007). Here, there is no jury to be inflamed by the challenged language.   Moreover, the government is confident that the Court would make a record that the use of any particular language in a victim impact statement did not sway its sentencing decision.

8.      Second, the government would play the video after all in-person or Zoom victim impact statements have been made.   Thus, the "rallying cry" argument is inapposite.

9.      Third, the surviving son should not be disadvantaged because he is not physically able to attend the sentencing hearing and make a live statement, which could not have been

censored beforehand.

10.    Fourth, the government disagrees that the challenged language "demeans the dignity of a courtroom setting," as argued by the defendant.   In fact, the government argues that much more severe indignities will be heard in the courtroom when the government discusses the defendant's egregious offense conduct and its horrifying consequences.   In any event, the government, of course, defers to the discretion of the Court on the issue of the dignity of a courtroom setting.

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By:    /s/ Jarod J. Douglas
Jarod J. Douglas
Assistant U. S. Attorney

**CERTIFICATE OF SERVICE**

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 10th day of May 2021, the foregoing UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE AT SENTENCING RE:   VICTIM IMPACT STATEMENT was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David P. Hoose, Esq.
100 Main Street
Northampton, MA 01060
*Counsel for Defendant*

Jay T. McCamic, Esq.
80 12th Street
Wheeling, WV 26003
*Counsel for Defendant*

Brian J. Kornbrath, Esq.
Federal Public Defender
230 West Pike Street
Clarksburg, WV 26301

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By:    /s/ Jarod J. Douglas
       Jarod J. Douglas
       Assistant United State Attorney

4